**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DARRELL TYRONE NOBLE,

Petitioner - Appellant,

v.

G. J. GIURBINO,

Respondent - Appellee.

No. 08-55004

D.C. No. CV-06-01625-WQH

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted June 10, 2010
Pasadena, California

Before: TROTT and W. FLETCHER, Circuit Judges, and MAHAN, District
Judge.[**]

Petitioner Noble was convicted by a jury in California in 2002 of serious

crimes arising from an automobile accident. His conviction was affirmed on direct

appeal. He then unsuccessfully sought relief in state court by way of habeas

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable James C. Mahan, United States District Judge for the
District of Nevada, sitting by designation.

corpus, contending that his trial counsel's performance was prejudicially deficient, as defined by Strickland v. Washington, 466 U.S. 668 (1984). At the end of the day, those courts concluded, inter alia, that Noble did not demonstrate prejudice from his attorney's behavior.

This appeal comes to us from our district court's conclusion pursuant to 28 U.S.C. § 2254(d) and (e) that the state courts had reasonably found (1) that Noble's attorney had performed competently, and (2) that there was no showing of prejudice.

We affirm the judgment of the district court because we conclude after examining the record that the state court's determination of "no prejudice" arising from his attorney's disputed decisions was (1) legally sound, and (2) a reasonable determination of the evidence presented. At trial Evans' testimony under oath when asked if she "might have grabbed the [steering] wheel" was, "If I did, I can't remember it." This testimony renders her letter suspicious, and its use as evidence might well have damaged Noble's cause. In addition, the other evidence, including Noble's elevated blood alcohol level and his post-accident conduct, provides independent support for the jury's guilty verdict.

Given all of the evidence introduced at trial, the district court's decision not to conduct an evidentiary hearing was not an abuse of discretion.

AFFIRMED.